UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FERDIE GAUDET, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-86** |
| **CITY OF KENNER** | **SECTION: "S" (3)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Defendants' Motion for Summary Judgment (Doc. #29) is **GRANTED**, and plaintiff's claims are **DISMISSED**.

### BACKGROUND

This matter is before the court on defendants' motion for summary judgment. Defendants argue that plaintiff, Ferdie Gaudet, cannot sustain his claims for sexual harassment, sex discrimination, equal protection, retaliation, reprisal, intentional infliction of emotional distress, assault, battery, and negligent hiring.

In September 2008, the defendant, the City of Kenner, hired plaintiff as a code enforcement officer. Almost one year later, in August 2009, the City of Kenner hired Martin Short as a code enforcement officer. It is an understatement to say that plaintiff and Short did not get along. The situation escalated, and plaintiff claims that Short would wink, blow kisses, and stare at him. Plaintiff also claims that Short purposely bumped shoulders with in him the hall, passed too close to his desk without saying "excuse me," and would drive by his house. Short and plaintiff made numerous complaints against each other. At some point, plaintiff's desk was moved to a kitchen area to separate him from Short, and they were instructed to clock in and out at different locations.

In November 2011, Short invited plaintiff into the bathroom, plaintiff asked Short if he were "queer," and an argument ensued. Both men were terminated as a result of this incident.[1]

On May 25, 2011, another employee reported plaintiff for using foul language in discussing Short. That same day, Short told James Mohamed to "have a nice day," and plaintiff was angered because he thought Short was speaking to him. Plaintiff yelled at Short and challenged him to a fight. On May 31, 2011, defendant Tamithia Shaw, the Director of Code Enforcement and Inspections, gave plaintiff a Notice of Charge and Disciplinary Hearing regarding the May 25, 2011, incident. The Notice informed plaintiff that there would be a hearing the next day regarding his alleged violations of the Code of Employee Conduct relating to "Personal Conduct," "Courtesy," and "Quarreling, Fighting." Shaw invited plaintiff to present witnesses at the hearing, but did not permit his attorney to attend because attorneys do not typically participate in internal administrative disciplinary investigations. Shaw interviewed various witnesses, and on August 5, 2011, Shaw suspended plaintiff for three days for violating the Code of Employee Conduct.

Plaintiff filed a charge with the Equal Employment Opportunity Commission regarding sex harassment and sex discrimination in January 2010, and received his right-to-sue letter on December 18, 2011. Plaintiff filed this lawsuit on January 12, 2012, against the City of Kenner and individual defendants, who hold management positions, alleging that Short's actions constituted sexual harassment, sex discrimination, intentional infliction of emotional distress, assault and battery. He also alleges that he was retaliated against for complaining about sexual harassment and sex discrimination and that his constitutional right to equal protection was violated. The individual

---

[1] In paragraph 7 of his complaint, plaintiff states that his termination is not an issue before this court.

defendants are: Michael Yenni, Mayor of Kenner; Tamithia Shaw, Director of Code Enforcement and Inspections; Missy Heyl, Assistant Director of Code Enforcement and Inspections; Beverly Nicolosi, Director of the Personnel Department; and Thomas Sivori, Supervisor/Manager of the Department of Code Enforcement and Inspections.  Defendants filed a motion for summary judgment arguing that plaintiff cannot prevail on any of his claims.

## ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

B.    **Title VII and Louisiana Employment Discrimination Law**

Title VII provides that it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Louisiana Revised Statutes § 23:332, similarly provides that it is unlawful employment discrimination for an employer to "[i]ntentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's race, color religion, sex or national origin. LA. REV. STAT. § 23:332(A)(1). Because the laws are substantively similar, jurisprudence interpreting Title VII can be applied in interpreting the Louisiana employment discrimination laws, La. Rev. Stat. § 23:302, et seq.. Brittain v. Family Servs., Inc., 801 So.2d 457 (La. Ct. App. 2001).

C.    **Sexual Harassment Claim Under Title VII and Louisiana Employment Discrimination Law**

Sexual harassment is a form of sex discrimination under Title VII. The Supreme Court of the United States recognizes two types of sexual harassment claims: (1) claims that are based on requests for sexual favors that result in adverse employment actions ("quid pro quo claims"); and (2) claims where bothersome attentions or sexual remarks create a hostile work environment. Faragher v. City of Boca Raton, 118 S.Ct. 2275 (1998); Burlington Indus. v. Ellerth, 118 S.Ct. 2257 (1998). Plaintiff claims are for alleged sexual harassment that created a hostile work environment.

4

In order to establish a hostile work environment claim under Title VII, a claimant must show: (1) he belongs to a protected group; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based upon sex; (4) the harassment affected a term, condition, or privilege of his employment; and (5) respondeat superior. Jones v. Flagship Int'l, 793 F.2d 714, 719-20 (5th Cir. 1986).

"To affect a term, condition, or privilege of employment, 'sexual harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment.' " Stewart v. Miss. Transp. Comm'n, 586 F.3d 321, 330 (5th Cir. 2009) (quoting National R.R. Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2074 (2002)). "A hostile work environment claim is comprised of a series of separate acts that collectively constitute one 'unlawful employment practice.' " AMTRAK v. Morgan, 122 S.Ct. 2061, 2074 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). In order to be actionable under Title VII, "a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher, 118 S.Ct. at 2283. Whether an environment meets this standard depends on all the circumstances, "including frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." Id. "Title VII was only meant to bar conduct that is so severe and pervasive that is destroys a protected class member's opportunity to succeed in the workplace." Weller v. Citation Oil & Gas Corp., 84 F.3d 191, 194 (5th Cir. 1996).

In <u>Oncale v. Sundowner Offshore Servs.</u>, 118 S.Ct. 998 (1998), the Supreme Court of the United State recognized that Title VII prohibits same-sex sexual harassment. The Court held that a plaintiff may prove same-sex sexual harassment by: (1) presenting credible evidence that the alleged harasser is homosexual; (2) presenting evidence that the alleged harasser is motivated by a general hostility toward the presence of his or her own sex in the workplace; or (3) presenting comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace. <u>Id.</u> at 1002.

Plaintiff claims that Short sexually harassed him by blowing kisses, winking, bumping shoulders, passing closely without saying "excuse me", and driving past his house. These incidents, even when considered together, do not constitute sexual harassment. As stated above, it is an understatement to say that plaintiff and Short did not get along. There is no evidence that Short intended to have any sexual contact with plaintiff, rather than to humiliate or bother him for reasons unrelated to sexual interest. Therefore, defendants are entitled to summary judgment on plaintiff's sexual harassment claims, and those claims are DISMISSED WITH PREJUDICE.

**D.      Sex Discrimination Under Title VII and Louisiana Employment Discrimination Law**

In <u>McDonnell Douglas Corp. v. Green</u>, 93 S.Ct. 1817 (1973), the Supreme Court of the United States "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment cases." <u>St. Mary's Honor Ctr. v. Hicks</u>, 113 S.Ct. 2742, 2746 (1993). Under this evidentiary framework, the plaintiff must first establish a *prima facie* case of discrimination. <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S.Ct. 2097, 2106 (2000).

In order to establish a *prima facie* case of gender discrimination under Title VII, a claimant must show: (1) he is a member of a protected class; (2) he was qualified for the position sought; (3) he was subject to an adverse employment action; and (4) he was replaced by someone outside his protected class or was treated less favorably than other similarly situated employees outside the protected class. Fahim v. Marriott Hotel Servs., 551 F.3d 344, 350 (5th Cir. 2008) (citing McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007)). The elements of a *prima facie* case of reverse discrimination, such as being discriminated against because one is a man, are the same as a traditional discrimination case. Chaline v. KCOH, 693 F.2d 477, 479 (5th Cir. 1982).

Plaintiff has not alleged, and has not offered support for, a claim for sex discrimination. He does not allege, and has not presented any evidence, that he was discriminated against because he was male. Plaintiff's claims concern Short's actions, which are more properly characterized as claims for harassment, albeit not sexual harassment, rather than discrimination. Therefore, defendants are entitled to summary judgment on plaintiff's sex discrimination claims, and those claims are DISMISSED WITH PREJUDICE.

**E.     Retaliation Claims under Title VII**

Plaintiff alleges that the City of Kenner violated Title VII and the Louisiana Whistleblower Statute, La. Rev. Stat. § 23:967(A), by moving his workspace to a kitchen area and suspending him for three days in retaliation or as reprisal for his reporting sexual harassment and sex discrimination.

The Louisiana Whistleblower Statute provides:

> An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of the law: (1) Discloses or threatens to disclose a workplace act or practice that is

7

> in violation of the law. (2) Provides information to or testifies before
> any public body conducting an investigation, hearing, or inquiry into
> any violation of law. (3) Objects to or refuses to participate in an
> employment act or practice that is in violation of the law.

LA. REV. STAT. § 23:967(A). The United States Court of Appeals for the Fifth Circuit has stated that Title VII's framework for retaliation applies to a reprisal claim under the Louisiana Whistleblower Statute. Smith v. AT&T Solutions, Inc., 90 Fed. Appx. 718, 723 (5th Cir. 2004).

Under Title VII, to establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 484 (5th Cir. 2008). A plaintiff who is unable to show a *prima facie* case cannot survive a summary judgment challenge. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 429 (5th Cir. 2000).

### 1. Protected Activity

An employee engages in a protected activity if he opposes any unlawful employment practice, or makes a charge, testifies, assists, or participates in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a).

Plaintiff engaged in a protected activity complaining of sexual harassment and sex discrimination to management and by filing a charge with the EEOC regarding sexual harassment and sex discrimination.

### 2.     Adverse Employment Action

For an "adverse employment action" to be actionable under Title VII's retaliation provision, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. and Santa Fe Ry. Co. v. White, 126 S.Ct. 2405, 2415 (2006).

#### a.     Move to the Kitchen

Plaintiff cannot show that having his office moved to the kitchen to avoid contact with his alleged antagonist was an adverse employment action because when Shaw, the Director of Code Enforcement and Inspections, asked him if he wanted to remain there after the rest of his department was moved to new offices he said "I have no problem staying where I am if it means avoiding the situation, that's fine with me." Thus, the move was obviously not materially adverse to plaintiff.

#### b.     Suspension

Plaintiff claims that the suspension that resulted from the May 31, 2011, incident was an adverse employment action that occurred in retaliation or as reprisal for his complaints about sexual harassment and sex discrimination. The suspension is an adverse employment action for the purposes of Title VII's retaliation provision, because such suspension might dissuade a reasonable worker from reporting sexual harassment or sex discrimination.

### 3.     Causal Link

To establish the causal link element of a *prima facie* case of a retaliation claim, the plaintiff need not meet the "but for" standard. Stroud v. BMC Software, Inc., 2008 WL 2325639 (5th Cir.

6/6/2008). "Close timing between an employee's protected activity and an adverse action against h[er] may provide the 'causal connection' required to make out a *prima facie* case of retaliation." Cooper v. United Parcel Serv., Inc., 368 Fed. Appx. 469 (5th Cir. 2010) (quoting McCoy, 492 F.3d at 562). However, "temporal proximity can only establish a causal link when it is connected to the decision maker's knowledge of the protected activity." Thompson v. Sumervell Cnty., Tx., 2011 WL 262357 (5th Cir. 7/1/2011) (citing Clark Cnty. Sch. Dist. v. Breeden, 121 S.Ct. 1508, 1511 (2001)) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be very close.") (internal quotations and citation omitted).

Plaintiff cannot establish a causal connection between his complaints about alleged sexual harassment and sex discrimination and his suspension. He filed his EEOC complaint in January 2010, and he was suspended more than a year and a half later on August 5, 2011. In that time, the City of Kenner took numerous steps to diffuse the situation and keep both plaintiff and Short employed, including physically separating the two, counseling, and investigating the situation. However, the instances of conflicts between the two continued. It was because of these conflicts, rather than plaintiff's complaints that both men were suspended. Therefore, defendants are entitled to summary judgment on plaintiff's retaliation and reprisal claims, and those claims are DISMISSED WITH PREJUDICE.

**G.      Claims Under 42 U.S.C. § 1983**

Section 1983 provides a remedy against "every person," who under color of state law, deprives another of any rights secured by the Constitution and laws of the United States. 42 U.S.C. §1983; Monell v. Dep't of Soc. Servs., 98 S.Ct. 2018 (1978). Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere. Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 n. 3 (5th Cir. 1999).

To pursue a claim under section 1983, plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States, and; (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Southwestern Bell Telephone, LP v. City of Houston, 529 F.3d 257, 260 (5th Cir. 2008); see also West v. Atkins, 108 S.Ct. 2250, 2255-54 (1988).

**1.      Equal Protection Claims Based on Sexual Harassment and Sex Discrimination**

In Jackson v. City of Atlanta, Tex., 73 F.3d 60, 63 (5th Cir. 1996), the United States Court of Appeals for the Fifth Circuit explained the interaction of Title VII and § 1983:

> . . . allegations of discriminatory treatment in connection with public employment that form the basis of a Title VII claim cannot for the basis of a second, separate claim under § 1983 as well . . . a violation of Title VII cannot also support a § 1983 suit. Section 1983 does not create any substantive rights; it creates only a remedy for the violation of a substantive federal right. Thus, § 1983 is not available when the governing statute provides an exclusive remedy for violations of its terms.

(citations and quotations omitted).  However, if the employer's conduct violates both Title VII and a separate constitutional or statutory right, a plaintiff may pursue both Title VII and § 1983 claims. Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 549 (5th Cir. 1997).

Paragraphs 77 through 80 of the complaint specifically refer to plaintiff's § 1983 claims for violations of the "14th Amendment Equal Protection Clause of the U.S. Constitution."  In these paragraphs, plaintiff alleges defendants "failed to effectively screen, hire, train and supervise and discipline its supervisors, assistant directors, directors, and employees including the persons listed in this complaint for their propensity for violence and *sexual harassment*, and for their improper use of authority, *gender discrimination*, for their lack of truthfulness . . ." (emphasis added).  In this case, Title VII provides the exclusive remedy for plaintiff's federal law based sexual harassment and sex discrimination claims.  Plaintiff does not specifically allege that defendants' actions violated a constitutional right other than equal protection based on sexual harassment and gender discrimination.  He cannot bring such claims under § 1983, because it "would enable him to sidestep the detailed and specific provisions of Title VII." Jackson, 73 F.3d at 63. Therefore, such claims are DISMISSED WITH PREJUDICE.

### 2.     Procedural Due Process Claims

In paragraphs 42 through 46 of his complaint, plaintiff alleges that defendants violated his procedural due process rights under the Fourteenth Amendment.  Plaintiff alleges that the hearing was held within 24 hours of his receiving notice, his counsel was not permitted to attend, and he was not allowed to present witnesses.

The Due Process Clause protects an individual's interests in life, liberty, or property. Cleveland Bd. of Educ. v. Loudermill, 105 S.Ct. 1485, 1491 (1985). Without the deprivation of life, liberty, or property, a plaintiff cannot sustain a claim for a violation of due process. Id.  In Cleveland Bd. of Educ. v. Loudermill, 105 S.Ct. at 1493, the Supreme Court of the United States stated that "[a]n essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" (quoting Mullane v. Cent. Hanover Bank & Trust Co., 70 S.Ct. 652, 656 (1950)). In the public employment context, if an individual has a property right in his employment, a pre-disciplinary hearing "need not be elaborate," and generally "'something less' than a full evidentiary hearing is sufficient prior to adverse administrative action." Id. at 1495.

In this case, plaintiff was given notice of the hearing and the charges, and he was afforded an opportunity to respond, which is all that is required for due process. Accordingly, plaintiff's § 1983 claims for violations of due process are DISMISSED WITH PREJUDICE.

**H.     State Law Tort Claims**

   **1.     Assault, Battery, and Intentional Infliction of Emotional Distress**

Under Louisiana law, "an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment." Baumeister v. Plunkett, 673 So.2d 994, 997 (La. 1996).  In LaBrance v. Lewis, 292 So.2d 216, 218 (La. 1974), the Supreme Court of Louisiana outlined the following factors to be considered in holding an employer liable for an employees actions:

13

      (1)      whether the tortious act was primarily employment rooted;

      (2)      whether the act was reasonably incident to the performance of the employee;'s duties;

      (3)      whether the act occurred on the employer's premises; and

      (4)      whether it occurred during the hours of employment.

It is not necessary for all four factors to be met for liability to be found. Baumeister, 673 So.2d at 997 (citing Miller v. Keating, 349 So.2d 365, 268 (La. 1977)). However, "[a]n employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours." Id. (quoting Scott v. Commercial Union Ins. Co., 415 So.2d 327, 329 (La. Ct. App. 1982)). Rather, for vicariously liability to attach, the employee must be "acting within the ambit of his assigned duties and also in furtherance of his employer's objective." Id. (quoting Scott, 415 So.2d at 329).

    In this case, Short committed the alleged torts on the City of Kenner's premises during working hours. However, there is no evidence that the torts were within his assigned duties and in furtherance of his employer's objective. Therefore, the City of Kenner and the individual defendants, in their official capacities, cannot be held vicariously liable for Short's intentional torts, and plaintiff's claims for assault, battery, and intentional infliction of emotional distress are DISMISSED WITH PREJUDICE.[2]

---

[2] Plaintiff does not allege that any of individual defendants committed any intentional torts in their individual capacities.

### 2.     **Negligent Hiring, Retaining, and Supervising**

Plaintiff alleges that defendants are liable for negligent hiring, retaining, and supervising with respect to Short. This claim is governed by the duty-risk analysis applicable to tort claims in Louisiana. Griffin v. Kmart Corporation, 776 So.2d 1226, 1231 (La. Ct. App. 2000) (citing Jackson v. Ferrand, 658 So.2d 691, 698, writ denied, 659 So.2d 496 (La. 1995)).  Thus, to prevail on this claim plaintiff must prove:  (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La.2006) (citing Fowler v. Roberts, 556 So.2d 1, 4 (La.1989)). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Mathieu v. Imperial Toy Corp., 646 So.2d 318, 321 (La.1994).

Plaintiff cannot demonstrate that any substandard conduct on the defendants' part was the cause in fact of his alleged injuries because he cannot prevail on any of his other claims.  Therefore, defendants are entitled to summary judgment on plaintiffs negligent, hiring, retaining and supervising claim, and those claims are DISMISSED WITH PREJUDICE.

### CONCLUSION

**IT IS HEREBY ORDERED** that the Defendants' Motion for Summary Judgment (Doc. #29) is **GRANTED**, and plaintiff's claims are **DISMISSED**.

New Orleans, Louisiana, this __1st__ day of June, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**